UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No. 00-2624 ADM/AJB

---

Donald I. McKay,

Plaintiff,

vs.

Honorable Norman Y. Mineta
successor to Honorable Rodney E. Slater,
Secretaries,
United States Department of Transportation,

Defendant.

**STIPULATION TO AMEND COMPLAINT** AND ORDER

---

**STIPULATION FOR AMENDMENT OF COMPLAINT**

It is stipulated, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, by and between Neil P. Thompson, Esq., 2249 East 38th Street, Minneapolis, MN 55407, counsel for the Plaintiff, and Patricia R. Cangemi, Esq. Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for Defendant, that Plaintiff may file on or before April 16, 2001, an amended Complaint, a copy which is attached to this stipulation. hereby stipulate and agree that Plaintiff shall Amend his Complaint.

Date: 4/9/01

Neil P. Thompson
**Neil P. Thompson**
**Attorney for Plaintiff**
Attorney I.D. No. 0291638
2249 East 38th Street
Minneapolis, MN 55407
612-721-5534

FILED JUN 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Date: 4/13/01

Patricia R. Cangemi
**Assistant United States Attorney**
**Attorney for Defendant**
Attorney I.D. No. 153527
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600

Attached/Amended Complaint

# ORDER TO AMEND

IT IS HEREBY ORDERED that the Complaint referenced in the attached Stipulation to Amend Complaint be amended.

Dated: 6/20/01

Arthur J. Boylan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No. 00-2624 ADM/AJB

---

Donald I. McKay,

Plaintiff,

vs.

**AMENDED COMPLAINT**

Honorable Norman Y. Mineta
successor to Honorable Rodney E. Slater,
Secretaries,
United States Department of Transportation,

Defendant.

---

Now comes the Plaintiff for his allegations and amended complaint in the above entitled action:

I.

JURISDICTION

This action arises under the provisions of Age Discrimination in Employment Act (ADEA) (29 USCA §621, et seq.) and the Equal Access to Justice Act (28 USCA § 2412(a)(b), and jurisdiction of this action is conferred on this Court by (28 USCA §1346 and 28 USCA §1402).

II.

PARTIES

1. Donald I. McKay (hereinafter "Mr. McKay" or "Plaintiff") is an individual who is and at all times relevant herein was, a resident of the County of Hennepin, State of Minnesota, United States of America.

2. Plaintiff is sixty-five (65) years of age having been born on January 13, 1935.

3. Plaintiff was and currently is employed by the Minneapolis St.Paul Flight Standards District Office (hereinafter "MSP FSDO") of the Federal Aviation Administration (hereinafter "FAA") of the United States Department of Transportation (herein "USDOT") as an Aviation Safety Inspector (ASI), FG-1825-13.

4. Defendant is the Honorable Norman Y. Mineta, successor to the Honorable Rodney E. Slater, Secretaries of the United States Department of Transportation, (hereinafter "Defendant").

III.

FACTUAL ALLEGATIONS

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant discriminated against him based on his age, when he was not selected for the position of Training Center Program Manager (hereinafter "TCPM"), under the Vacancy Announcement No. AGL-FS-99-0092-47081 , in October 1999, a position for which Plaintiff is superbly qualified.

6.Plaintiff alleges, that Defendant preselected selectee Janice Orr, who at the time of the opening of the position did not possess the minimal qualifications for the position, yet the position was held open nine months so preselected Janice Orr could obtain the minimal qualifications. In addition, Janice Orr was and still is less qualified for the TCPM position than Plaintiff and that selectee is fifteen (15) years younger than Plaintiff.

7. Plaintiff alleges, that Defendant's agent who is also Plaintiff's employment supervisor, Kathleen Thomson, office Manager of the MSP FSDO created a hostile work environment, influenced the hiring process with discriminatory practices, defamed and specifically targeted Plaintiff for discrimination by making the comments to other employees, that "retired inspectors

(Plaintiff retired from private industry) are sitting on $300,000 pensions and do not really need their jobs as inspectors" and "supervisors like Fred Jenner are impressed by a long line of credentials, but do not stop to think that these retirees just move here to get away from their wives and have a social life".

IV.

ADMINISTRATIVE PROCEDURES

8. Plaintiff reported allegations to Equal Employment Opportunity Commission (hereinafter "EEOC") counseling on November 30, 1999.

9. Plaintiff received a Notice of Final Interview and Right to File a Discrimination Complaint on February 16, 2000.

10. Plaintiff filed an EEOC Complaint with the Department of Transportation, Department of Civil Rights on March 1, 2000.

11. Plaintiff's EEOC Complaint was investigated, with the investigation being completed on October 5, 2000.

12. Plaintiff is currently awaiting a final determination of his administrative complaint by the Department of Transportation.

13. Plaintiff's administrative remedies were exhausted when the United States Department of Transportation, Department of Civil Rights dismissed Plaintiff's complaint on January 9, 2001.

IV.

CAUSES OF ACTION

14. As a result of defendant's willful failure and refusal to promote Plaintiff because of Plaintiff's age in violation of the ADEA (29 USCA §621, et seq) and specifically (29 USCA

§633 (a)), there is due and owing to Plaintiff the sums in excess of $75,000 in unpaid wages and benefit compensation, and a sum appropriate to compensate Plaintiff for front pay and emotional distress damages.

WHEREFORE, PLAINTIFF REQUESTS:

15. The court issue a mandatory injunction directing defendant to employ Plaintiff in the position of Training Center Program Manager (TCPM) under Vacancy Announcement No. AGL-FS-99-0092-47081, for which Plaintiff applied:

16. The court award Plaintiff back pay wages and benefit compensation from the date of the discriminatory act, together with front pay wages and benefit compensation to the maximum allowed by law:

17. The court award emotional distress damages and defamation damages appropriate to compensate Plaintiff.

18. The court award Plaintiff reasonable attorney fees and the costs of this action, together with liquidated damages as provided by law; and

19. Such other and further relief as may be just and equitable in the premises.

Respectfully submitted March 29, 2001.

Neil P. Thompson

**Neil P. Thompson**
**Attorney for the Plaintiff**
MN Lic. # 0291638
2249 East 38th Street
Minneapolis, MN 55407-3083
(612) 721-5534
Fax (612) 728-3873