**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Donald I. McKay,

Plaintiff,

v.

Honorable Norman Y. Mineta,
Successor to Honorable Rodney
E. Slater, Secretaries, United States
Department of Transportation,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2624 ADM/AJB

---

Neil P. Thompson, Esq., and John Curi, Esq., Thompson Law Office, Minneapolis, MN, appeared for and on behalf of Plaintiff.

Patricia R. Cangemi, Assistant United States Attorney, Minneapolis, MN, appeared for and on behalf of Defendant.

---

## I. INTRODUCTION

On December 17, 2001, the Motion to Dismiss or for Summary Judgment [Doc. No. 15] of Defendant Honorable Norman Y. Mineta ("Defendant") was argued before the undersigned United States District Judge. Plaintiff Donald I. McKay ("McKay") alleges age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. For the reasons set forth below, Summary Judgment is granted.

## II. BACKGROUND

McKay was one of three candidates for the position of Training Center Program Manager ("TCPM") at the Minneapolis office of the Federal Aviation Administration ("FAA"). The other applicants for the position were Janice Orr and David J. Gerken. All three applicants were

FILED FEB 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 15 2002
DEPUTY CLERK

determined by FAA flight standards to meet the qualifications for the position of TCPM. Morong Aff., Ex. 10. Craig J. Seppala ("Seppala") was the unit supervisor and the selecting official for the TCPM position. Names of three candidates were referred to Seppala on a "Best Qualified" list, meaning that all candidates came to the selecting official equally qualified for the position. Id.; Exs. 2, 13. The selecting official could then select any candidate from the best qualified list with or without conducting interviews. Morong Aff., Ex. 10; Exs. 11, 12.

In October, 1999, an interview panel comprised of Seppala, the deciding official, and three other unit supervisors, Rudolph W. Hartleban, Richard G. Egan, and Scott Myers conducted interviews with the three applicants, witnessed by Shawn D. Walth, an Air Traffic Controller and EEO Counselor, to ensure an equal and fair process. Exs. 2, 14. Each candidate was posed the same series of questions. Ex. 14. After the interviews, the panel members recommended to Seppala that Orr be hired for the TCPM position. The panel members recommended Orr because her past experience and abilities were pertinent, recent, and applicable to the sought position, and she provided better responses to the questions asked during the interview than the other candidates. Ex. 3, 4, 5. Seppala agreed that Orr's communication skills and responses to the questions during the interview were superior to the other applicants, and she was selected for the position. Ex. 2. McKay, by contrast, gave short answers during his interview, did not volunteer additional information, and did not openly communicate with any members of the panel. Exs. 2-5. McKay has conceded he was "irritated" at his interview, because no pertinent questions were asked.

McKay alleges age discrimination on the basis of remarks made by Kathleen Thomson ("Thomson"), the Minneapolis-St. Paul Flight Standards District Office Manager, who was McKay's supervisor. McKay claims that Thomson (1) was the de facto decision maker, (2) delayed posting

the job opening because she had pre-selected Orr for the job and wanted to wait for Orr to become qualified, (3) and made discriminatory remarks about employees on pensions indicating her bias against older workers. McKay also asserts that he is more qualified than Orr for the position.

Other than McKay's allegations, there is no evidence in the record suggesting that Thomson had any decision-making authority regarding Orr's hiring. To support his allegations, McKay relies on the deposition of Tara M. Reel-Silvis ("Silvis"), a co-worker of Thomson. Silvis relates Thomson once said "[r]etired inspectors are sitting on $300,000 pensions and do not really need their jobs as inspectors," and that retired supervisors "just moved here to get away from their wives and have a social life." Silvis Dep. at 31-32. Silvis also said that Thomson stated that she was going to do all the hiring from now on because she was dissatisfied with inspectors who had recently retired from industry. Id. at 21. Silvis does not know when these comments were made, but recalls the comments were made by Thomson in private after a frustrating meeting, and that the comments referred to another employee named Fred Jenner. Id. at 18-19, 31-32, 81-82.

## III. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig

v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Further, "the mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment . . . . Instead, 'the dispute must be outcome determinative under prevailing law.'" Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992) (citation omitted).

**B. Age Discrimination**

The ADEA prohibits an employer from discriminating on the basis of a person's age, if such an individual is over 40 years old. See 29 U.S.C. § 631(a); Dammen v. Unimed Med. Ctr., 236 F.3d 978, 980 (8th Cir. 2001). The ADEA states in part that "[i]t shall be an unlawful employment practice for an employer [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To establish a claim under the ADEA, McKay must show that Defendant intentionally discriminated against him. Ziegler v. Beverly Enterprises-Minnesota, Inc., 133 F.3d 671, 675 (8th Cir. 1998).

Where a plaintiff relies on circumstantial, as opposed to direct, evidence of intentional discrimination, the Court applies the three-stage burden shifting approach developed by the Supreme Court in McDonnell Douglas v. Green, 411 U.S. 792 (1973), and later refined by the Court in Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); Dammen, 236 F.3d at 980. Under this framework, the plaintiff bears the initial burden of presenting a prima facie case of discrimination. Dammen, 236 F.3d at 980. If the prima facie case is established, a legal presumption arises that the employer unlawfully discriminated

against the plaintiff. Id. This rebuttable presumption shifts the burden[1] to the employer to produce evidence that the plaintiff was rejected (or someone else was preferred) for a "legitimate, nondiscriminatory reason." Id. If the employer articulates such a reason, the presumption disappears and the McDonnell Douglas framework becomes irrelevant. The sole remaining issue is whether or not the employer discriminated. Id. The plaintiff then has an opportunity to prove, by preponderance of the evidence, that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id.

To establish a prima facie case of age discrimination, McKay must demonstrate that: (1) he is within the protected class; (2) he was qualified to perform his job; (3) he suffered an adverse employment action; and (4) nonmembers of his class (persons under 40 in the ADEA context) were not treated the same. Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1156 (8th Cir. 1999); see also Kneibert v. Thompson Newspapers, Michigan Inc., 129 F.3d 444, 452 n.4 (8th Cir. 1997). There is no dispute that McKay is over 40 years old, and that he was qualified for the TCPM position based on his experience. However, Orr, the selected candidate, was also over age 40 and therefore not a "nonmember" of the class protected by the ADEA. Further, McKay has failed to set forth evidence sufficient to demonstrate that he suffered an adverse employment action. To constitute an adverse employment action, an action must involve "a diminution in title, salary or benefits." Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994). Since McKay was not demoted to a lesser position with less pay, but rather was not selected for a higher position, no "adverse" employment action occurred. Therefore, McKay has not established a prima facie case

[1] This framework only shifts the burden of production; the burden of persuasion rests at all times with the plaintiff. Id.

of age discrimination.

Even if McKay were to establish a prima facie case, Defendant has proffered a legitimate, nondiscriminatory reason for hiring Orr instead of McKay. All candidates interviewed were qualified for the job, albeit with different areas of expertise. Orr's interview was strong, and she was hired in part for her strong management skills. "Employment decisions motivated by characteristics other than age . . . even when such characteristics correlate with age, do not constitute age discrimination." Hanebrink v. Brown Shoe Co., 110 F.3d 644, 647 (8th Cir. 1997) (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993). The decision to hire Orr on the basis of her recent experience and applicable skills rather than McKay is a legitimate hiring decision. An employer may make promotion decisions for good, bad, erroneous or even arbitrary reasons, as long as they are not discriminatory reasons. See Kralman v. Illinois Dept. of Veterans Affairs, 23 F.3d 150, 156-157 (7th Cir. 1994). The Court's inquiry is limited to "whether the employer gave an honest explanation of its behavior." Id. (internal citation omitted). McKay has not presented sufficient evidence to establish that this hiring decision was a pretext for age discrimination.

Further, Thomson's comments cited by Silvis are insufficient to establish an age based animus regarding Orr's hiring. The comments were made at an unknown time prior to the TCPM position opening, and had nothing to do whatsoever with McKay, Orr, or the other candidates for the job. Thomson was not the selecting official for the TCPM position, nor was she a member of the selection panel. The Court must "distinguish comments which demonstrate a discriminatory animus in the decisional process from stray remarks in the workplace, statements by non-decisionmakers, or statements by decisionmakers unrelated to the decisional process." Breeding,

164 F.3d at 1157. The record contains no evidence to indicate that the decision to hire Orr was influenced by a discriminatory animus toward older candidates rather than the applicants' respective qualifications. Therefore, Summary Judgment must be granted.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 15] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: February 15, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

FORMS\APPEALNO.CIV
Rev. August 11, 1995